UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. NO.   SA-09-CR-670-18 |
| | § | |
| FRANCISCO ESPINOZA | § | |

**DEFENDANT'S SECOND MOTION FOR REVOCATION OF DETENTION ORDER
AND
REQUEST FOR A DE NOVO EVIDENTIARY HEARING AND BOND**

**TO THE HONORALBE JUDGE OF SAID COURT:**

COMES NOW, the Defendant, FRANCISCO ESPINOZA, through his attorney, Christina Flores, pursuant to Title 18, United States Code, § 3145(b), respectfully requests that this Honorable Court revoke and/of amend the Order of Detention Pending Trial entered by the Honorable Judge J. Scott Hacker, United States Magistrate Judge for the Southern District of Texas, and thereafter enter an order setting conditions of release of Francisco Espinoza with an Unsecured Bond in the amount of Fifty thousand dollars in accordance with the courts findings. In support of said Motion, the Defendant respectfully shows unto this Honorable Court the following:

**I.**

**STATEMENT OF FACTS**

Francisco Espinoza stands accused of Conspiracy to possess with the intent to distribute five kilograms or more of Cocaine and one thousand kilograms or more of marijuana in violation of Title 21 USC §846. On September 2, 2009, the Pre Trial Services report recommended Defendant's release with a cash deposit of $2,500.00 and one co-surety. A hearing was held

before the Honorable J. Scott Hacker, United States Magistrate Judge for the Southern District of Texas, who granted the Government's Request for Pretrial Detention on September 8, 2009. This court granted an evidentiary hearing and heard live testimony from defense witnesses on October 22, 2009.

## II.

### EVIDENCE OFFERED AT THE EVIDENTIARY HEARING

At the evidentiary hearing the Government relied solely on the existence of an Indictment against Francisco Espinoza and its corresponding presumption, albeit rebuttable, against bond. The government further noted that Francisco Espinoza's brother in law is Ricardo Cardenas, the alleged head of the drug trafficking organization. The name Ricardo Cardenas has yet to be released in a redacted indictment. The government did not call any witnesses nor presented any documentary evidence. The government sole basis for recommending detention was Francisco Espinoza's relationship to Ricardo Cardenas and the fact that Cardenas has yet to be apprehended. Francisco Espinoza provided that he has no prior criminal history, is a United States Citizen and lifelong resident of Laredo, Webb County, Texas, gainful employment, establishing his own business and returning to school on a full time basis. Francisco Espinoza established he has no ties to Mexico, except a distant maternal aunt whom he has not visited since childhoood and is not a flight risk. Francisco Espinoza's sister, testified that she is a Certified Public Accountant and she and her siblings and family would be willing to sign as co-sureties of Francisco is granted a bond.

## III.

### REBUTTABLE PRESUMPTION

As stated earlier, the offense Francisco Espinoza is charged with raise a presumption for pretrial detention. Once the presumption is triggered, the Defendant bears, at a minimum, the burden of going forward with some credible evidence contrary to the statutory presumption (see *United States v. Alatishe,* 768 F.2d 364 (D.C. Cir 1985); *United States v. Jessup,* 757 F.2d 378 (1st Cir. 1985) and *United States v. Hurtado,* 779 F.2d 1468 (11th Cir. 1985); *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001) (nothing in "presumption cases," burden of persuasion remains with government; defendant "bears a limited burden of production… to rebut that presumption").) Francisco Espinoza's burden of production is "not a heavy one to meet"; rather, any evidence "favorable to a defendant that comes within a category listed in §3142(g) can suffice." *United States v. Hammond,* 204 F. Supp. and 2d 1157, 1162 (E.D. Wis. 2002). Francisco Espinoza conceded he was willing to wear an ankle monitor as a condition of his release. (Use of electronic bracelet "arguably" rebuts presumption. *U.S. v. O"Brian,* 895 F.2d 810 (1st Cir. 1990); see *Kin-Hong v. U.S.,* 926 F. Supp. 1180 (D. Mass. 1996); *US v. Leyba*, 10 4 F. Supp. 2d 1182 (S.D. Iowa 2000). Francisco Espinoza provided favorable evidence in more than one category. In a *De Novo* hearing, Francisco Espinoza will provide further evidence to show merits consideration for a bond.

## IV.

## REQUEST FOR AN EVIDENTIARY HERAING

A Magistrate's "Order of Detention Pending Trial" is appealable pursuant to the provision of 18 U.S.C. § 3134(B). This Court is entitled to hear evidence at a de novo hearing on factors relevant to Francisco Espinoza's Motion to Bond pursuant to 18 U.S.C. § 3142. Therefore, Francisco Espinoza respectfully requests that this Honorable Court set this matter down for an evidentiary hearing in order to bring forward witnesses and other documentary

evidence. Defendant's wife, Lina Espinoza is prepared to present her cell phone and home numbers for the court's consideration in order to show that there has been no communication between her and her brother prior to and since August 25, 2009 as requested by this court. Refer to documents attached as Exhibit "A" (cell phone records).

**WHEREFORE,** premises considered, Francisco Espinoza respectfully prays that this Honorable Court enter an Order revoking the Magistrate's "Order of Detention Pending Trial", and thereafter enter an Order setting conditions of release of Francisco Espinoza pending trial.

Respectful submitted,

LAW OFFICE OF CHRISTINA FLORES
1308 San Agustin
Laredo, Texas 78040
Telephone: 956.728.7474
Facsimile:  956.728.7406

By: /S/CHRISTINA FLORES
Christina Flores
State Bar No.: 50511866
Federal I.D. No.: 26773
Attorney for FRANCISCO ESPINOZA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing defendant's Motion to for Revocation was delivered to Sam L. Ponder, Assistant United States Attorney, San Antonio, Texas 78216 on the 6TH day of November, 2009, by electronic mail from the clerk of court.

/S/CHRISTINA FLORES
Christina Flores