UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CRIMINAL NO. SA-09-CR-670-FB |
| | § | |
| FRANCISCO ESPINOSA (18) | § | |
| | § | |
| Defendant. | § | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
<u>SECOND MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST
FOR A DE NOVO EVIDENTIARY HEARING AND BOND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and in response to Defendant's Second Motion for Revocation of Detention Order and Request for A De Novo Evidentiary Hearing and Bond, and respectfully opposes Defendant's motion for the reasons set forth below:

I.

On September 8, 2009, the Honorable United States Magistrate Judge J. Scott Hacker of the Southern District of Texas Laredo Division entered a order detaining the Defendant without bond pending trial. In the order the court found amongst of things that:

(1) There was probable cause to believe that the defendant has

violated a committed an offense for which a maximum term of imprisonment of 10 years or more was prescribed;

(2) The defendant had not rebutted the presumption established by the finding that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

On September 28, 2009, the defendant filed a motion to reconsider bond. This motion was denied by United States Magistrate Judge John W. Primomo on October 2, 2009. On October 15, 2009 the defendant filed his first Motion for Revocation of Detention Order and request for a De Novo Evidentiary Hearing and Bond. On October 22,2009, the Court held the De Novo Evidentiary Hearing, and after hearing the government's evidence and evidence offered by the defendant denied the defendant's request for bond. Defendant did not appeal this order. A copy of the transcript of that hearing is attached as Government's Exhibit 1.

II.

Under the 18 U.S.C. § 3142(e) the Bail Reform Act, the existence of probable cause to believe that the defendant committed a crime in violation of 21 U.S.C. § 801, et seq., creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. *United States v. Rueben,* 974 F.2d 580, 586 (5th Cir.1992), *cert. denied,* 113 S .Ct. 1336 (1993).

When the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted. *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir.1988). However, the risk of continued narcotics trafficking on bail does constitute a risk to the community. *United States v. Hare,* 873 F.2d 796, 798 (5th Cir.1989)(citing United States v. Hawkins, 617 F.2d 59 (5th Cir.), cert. denied, 449 U.S. 952, (1980)). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required. *Hare*, 873 F.2d at 799.

Because the defendant was indicted for a drug offense that could result in terms of imprisonment for ten years or more, he bares the burden of producing evidence that his release would not pose a danger to the community. See *Rueben* at 586. The production of evidence sufficient to rebut the presumption does not completely negate all probative value of the facts underlying the presumption; the court may still consider the congressional finding that drug offenders pose a special risk of dangerousness to society. *Hare, 873 F.2d at 798-99*. But the burden of persuasion then rests with the government. *Id*. In determining whether the government meets its burden, the district court must consider the factors set forth in 18 U.S.C. section 3142(g). These factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *18 U.S.C. § 3142(g)*, see *Rueben* at 586.

### III.

At the October 22, 2009 De Novo hearing the government proffered evidence of the Defendant's involvement in the charged drug conspiracy. In summary the evidence showed:

(1) that the defendant was the brother in law of Ricardo Cardenas, who is the main supplier of cocaine and marijuana in the case and is currently a fugitive in the case;

(2) that at the direction of Ricardo Cardenas, the defendant along with co-defendants Gerardo Espinosa and Edgar Gutierrez escorted approximately 1400 lbs of marijuana from Laredo, Texas to Chicago, Illinois;

(3) that at the direction of Ricardo Cardenas, the defendant met with an undercover government agent and provided $14,000 in U.S. Currency to pay part of the transportation fee of the 1400 lbs of marijuana, and that the defendants wife Lina Cardenas was present at the time of this payment.

(4) that at the direction of Ricardo Cardenas, the defendant was involved in the delivery of approximately 100 kilograms of cocaine from Laredo, Texas to co-defendant Victor Monroe in Cincinnati, Ohio, and that the defendants wife Lina Cardenas was present when payments for cocaine were made by Monroe in Cincinnati.

At the De Novo hearing the defendant presented little information not already contained in the pre-trial service report. The only different information seems to be that he had reapplied to attend a local community college and three letters of reference from former employers. The defendant did not call as a witness or proffer any evidence from his wife.

IV.

In his Second Motion for De Novo hearing, the defendant attaches as an exhibit cell phone records pertaining to telephone

number 956-285-0149.  Some of records show the phone subscribed to by Sanjuana V. Cardenas and pertain to usage from September 18, 2009 until October 7, 2009; other records (apparently not official bills)shown neither the subscriber nor the number which it pertains to, and covers the period from 10/08/2009 until November 7, 2009; and other records (again not official bills) that presumably shows some of the  usage of 956-285-0149 with Lina Cardenas listed as user for the period of August 14, 2009 until September 19, 2009.

It is the government's position that these phone records do not provide any evidence that is relevant to any issue in the case nor rebut any presumptions in the case.  Presumably, these records are being offered to establish that Lina Cardenas has not been in contact with her fugitive brother.  These records in and of themselves provide no such assurance.  All these records prove is that someone (possibly Lina Cardenas) makes several hundred phone calls per month to various numbers.  The records themselves to not provide any information as to identify of the subscriber or user of the phones receiving calls or making calls to this phone; the physical location of these phones; or the contents of the phone calls.

Further, even if the government could determine the identity of the subscribers to these telephone numbers such information still would not provide any assurance that phone was not being used by Ricardo Cardenas or other conspirators.  By way of example

during the investigation that led to the defendant's arrest Title III wire intercepts were used on three phones being utilized by co-defendants Jose Omar Martinez and Gerardo Martinez.  The subscriber records showed the phones were subscribed to ROBERT SAINTCHARLES with an address of PO Box 54988, Irvine, CA,  YGKJHFGO KXTGHJZDG with an address of  PO Box 55026, Irvine, CA, and Omar MARTINE with an address of 4117 St. Charles Bay, San Antonio, Texas. Because of the proliferation of disposable cell phone providers and their obvious lack of concern about the identity of the subscriber or user, it is impossible to determine who has a cell phone or how many cell phones a person has.

It is the government's position that its case against the defendant is strong, and will result in the defendant being convicted.  If convicted the defendant is facing a minimum mandatory sentence of ten years to life.  Because of the nature of the offense, his involvement is significant drug transactions, his relationship to the main defendant in the case the government views the defendant both as a significant risk for flight and a continuing threat to the community.

IV.

Wherefore, premises considered, the United States respectfully requests that Defendant's Motion for Revocation of Detention Order and Request for A De Novo Evidentiary Hearing and

Bond be denied in its entirety.

                                        Respectfully submitted,

                                        JOHN E. MURPHY
                                        United States Attorney

By: _____

                                        SAM L. PONDER
                                        State Bar No.  16113500
                                        Assistant United States Attorney
                                        601 N.W. Loop 410, Suite 600
                                        San Antonio, TX  78216-5512
                                        (210) 384-7025  (210) 384-7028 FAX

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of November, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant: Christina Flores, Attorney at Law, 1308 San Agustin, Laredo, Texas 78040.

_____
SAM L. PONDER
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT

                     WESTERN DISTRICT OF TEXAS

                        SAN ANTONIO DIVISION


UNITED STATES OF AMERICA,        §
                                 §
            Plaintiff,           §
                                 §
V.                               §    CRIMINAL NO. SA-09-CR-670-FB
                                 §
FRANCISCO ESPINOSA (18)          §
                                 §
            Defendant.           §
```

### ORDER

Came on this date to be considered the Defendant's Second Motion for Revocation of Detention Order and Request for A De Novo Evidentiary Hearing and Bond. After considering the same and the Government's response thereto, the Court is of the opinion that said Motion be DENIED.

SIGNED AND ENTERED this ____ day of _____, 2009


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　FRED BIERY
　　　　　　　　　　　　　　　　　　　　United States District Judge